IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CITY OF HOUSTON, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-0944 |
| | § | |
| CLUB FETISH, *et al.*, | § | |
|     Defendants. | § | |

## **MEMORANDUM AND ORDER**

This case is before the Court on Plaintiff City of Houston's ("Plaintiff") Motion to Remand and Motion for Sanctions (the "Motion") [Doc. # 4]. Defendants Norman Eric Simmons ("Simmons"), Osrick Mitchell ("Mitchell"),[1] and Club Fetish (collectively, "Defendants") filed a Response [Doc. # 5], a Request for Oral Argument [Doc. # 7], and a Supplemental Memorandum in Opposition [Doc. # 11]. Plaintiff filed a Reply [Doc. # 12]. The Court has carefully reviewed the record, the parties' arguments, and the applicable law, and concludes the Motion to Remand should be **granted,** each parties' request for sanctions should be **denied,** Plaintiff's request for attorneys' fees should be **denied,** and the Request for Oral Argument should be **denied as moot.**

---

[1] Defendants Simmons and Mitchell own and operate Club Fetish.

## I.     BACKGROUND

On March 22, 2013, Plaintiff filed suit in the 80th Judicial District Court of Harris County, Texas, seeking a temporary restraining order and temporary and permanent injunctions based on allegations that Club Fetish was a common law nuisance under Chapter 125 of the Texas Civil Practice and Remedies Code. On April 3, 2013, Defendants sought removal pursuant to 28 U.S.C. §§ 1331 and 1441.[2] *See* Notice of Removal [Doc. # 1], at 1.[3]

## II.    DIVERSITY JURISDICTION

### A.    Legal Standard

While the United States Constitution requires only minimal diversity for federal courts to have subject matter jurisdiction in cases that lack a federal question, U.S. CONST. art. III, § 2, cl. 1; *see Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1064 n.3 (5th Cir. 1992) (citing *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1967)), Congress has imposed a higher threshold. Under 28 U.S.C. § 1332, there must be complete diversity and at least $75,000 in controversy.

---

[2]   Defendants also base removal on 42 U.S.C. §§ 1983, 1986, and 1988 and the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the U.S. Constitution. None of these provisions on provide an independent basis for removal.

[3]   In their Response, Defendants argue that this Court has subject matter jurisdiction under 28 U.S.C. § 1443(1) rather than 28 U.S.C. §§ 1331 and 1441. Out of an abundance of caution, the Court will address its subject matter jurisdiction under all three statutes.

28 U.S.C. § 1332; *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). In order for there to be complete diversity, all persons and entities on one side of the controversy must be citizens of states different from all persons and entities on the other side of the controversy. *McLaughlin*, 376 F.3d at 353; *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)). "For diversity jurisdiction, the party asserting federal jurisdiction must 'distinctly and affirmatively allege [ ]' the citizenship of the parties. Failure adequately to allege the basis for diversity jurisdiction mandates dismissal." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) (citations omitted). "[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citation omitted). The Court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery*, 243 F.3d at 916 (citations omitted).

    B.    <u>Analysis</u>

It is undisputed that Plaintiff is a citizen of Texas. *See* Original Petition [Doc. # 1, Exh. 4], at 1-2. Defendants, as the removing party, have the burden to establish that there is complete diversity because no Defendant is a Texas citizen. *See Howery*, 243 F.3d at 916. Defendants have offered no evidence that they are not citizens of

Texas for the purpose of diversity jurisdiction. Indeed, according to Defendants, Club Fetish's principal place of business is in Houston, Texas. *See* Defendants' Corporate Disclosure Statement [Doc. # 1, Exh. 3], at 1. Defendants therefore have not demonstrated by a preponderance of the evidence that complete diversity exists. The Court does not have diversity jurisdiction. *See Howery*, 243 F.3d at 916, 919.

## II.  FEDERAL QUESTION JURISDICTION

### A.  Legal Standard

Congress allows for removal of a case from state court to federal court when a plaintiff's complaint alleges a claim "arising under" federal law. 28 U.S.C. § 1331; *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). Generally, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted). Under the well-pleaded complaint rule, the plaintiff is "the master of the claim" and may avoid federal jurisdiction by exclusively relying on state law, even where a federal claim is also available. *Id.* Moreover, a case may not be removed to federal court on the basis of a federal defense, "even if both parties concede that the federal defense is the only question truly at issue." *Id.* at 393; *see also Hoskins v. Bekins Van Lines*, 343 F.3d

769, 772 (5th Cir. 2003) (same).

A state claim is removable when "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005); *see also Am. Airlines, Inc. v. Sabre, Inc.*, 694 F.3d 539, 542 (5th Cir. 2012) (quoting *Grable*, 546 U.S. at 314). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted).

**B.** <u>**Analysis**</u>

Defendants cannot meet their burden to establish that the Court has federal question jurisdiction. Plaintiff does not assert federal claims against Defendants. *See* Original Petition, at 1-10. It bases its claims on Chapter 125 of the Texas Civil Practice and Remedies Code. *Id.* Although Defendants removed the case based on their federal counterclaims, *see* First Amended Answer [Doc. # 2], at 3-13, "'[a] defendant may not remove on the basis of an anticipated or even inevitable federal defense, but instead must show that a federal right is an element, and an essential one, of the plaintiff's cause of action." *Hoskins*, 343 F.3d at 772 (quoting *Carpenter v.*

*Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)). Defendants have not made this showing. Therefore, the Court lacks federal question jurisdiction.

### III. JURISDICTION UNDER 28 U.S.C. § 1443

#### A. Legal Standard

Section 1443 is construed narrowly. *Smith v. Winter*, 717 F.2d 191, 194 (5th Cir. 1983). It states that:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof . . . .

28 U.S.C. § 1443. To remove a case based on this provision, a defendant has the burden to demonstrate that "(1) the right allegedly denied it arises under a federal law providing for specific rights stated in terms of racial equality; and (2) the removal petitioner is denied or cannot enforce the specified federal rights in the state courts due to some formal expression of state law." *Texas v. Gulf Water Benefaction Co.*, 679 F.2d 85, 86 (5th Cir. 1982) (citing *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975)). A defendant's claim that trying a suit in state court "will violate rights under constitutional or statutory provisions of general applicability or under statutes not

protecting against racial discrimination will not suffice." *Cabello v. Texas*, 71 F. App'x 315, 316 (5th Cir. July 31, 2003) (per curiam) (unpublished) (quoting *Johnson*, 421 U.S. at 219). Additionally,

> It is not enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court . . . Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

*City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 827-28 (1966) (citations omitted).

### B.  Analysis

Defendants fail to establish jurisdiction under 28 U.S.C. § 1443.  "[T]he first prong of this test demands that the civil rights asserted arise under laws phrased specifically in terms of racial equality rather than in general terms of equality for all citizens comprehensively . . . ."  *Smith*, 717 F.2d at 194 (citing *Georgia v. Rachel*, 384 U.S. 780, 792 (1966); *Louisiana v. Rouselle*, 418 F.2d 873, 874 (5th Cir. 1969)).  Accordingly, "broad first amendment or fourteenth amendment claims" and "claims arising under non-racially oriented statutes such as 42 U.S.C. § 1983" do not satisfy the first prong of the § 1443 test.  *Id.* (citing *Rachel*, 384 U.S. at 792; *Rouselle*, 418 F.2d at 874); *see also Gulf Water Benefaction Co.*, 679 F.2d at 86 (explaining that

protecting against racial discrimination will not suffice."  *Cabello v. Texas*, 71 F. App'x 315, 316 (5th Cir. July 31, 2003) (per curiam) (unpublished) (quoting *Johnson*, 421 U.S. at 219).  Additionally,

> It is not enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court . . . Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

*City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 827-28 (1966) (citations omitted).

### B.  Analysis

Defendants fail to establish jurisdiction under 28 U.S.C. § 1443.  "[T]he first prong of this test demands that the civil rights asserted arise under laws phrased specifically in terms of racial equality rather than in general terms of equality for all citizens comprehensively . . . ."  *Smith*, 717 F.2d at 194 (citing *Georgia v. Rachel*, 384 U.S. 780, 792 (1966); *Louisiana v. Rouselle*, 418 F.2d 873, 874 (5th Cir. 1969)).  Accordingly, "broad first amendment or fourteenth amendment claims" and "claims arising under non-racially oriented statutes such as 42 U.S.C. § 1983" do not satisfy the first prong of the § 1443 test.  *Id.* (citing *Rachel*, 384 U.S. at 792; *Rouselle*, 418 F.2d at 874); *see also Gulf Water Benefaction Co.*, 679 F.2d at 86 (explaining that

complaints involving freedom of speech, freedom of association, and due process of law are not specific rights stated in terms of racial equality). Sections 1983 and 1988 and the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the U.S. Constitution do not provide for specific civil rights stated in terms of racial equality.[4] "[T]he guarantees of those clauses are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that § 1443 demands." *Rachel*, 384 U.S. at 792.

Defendants also have not met the second prong of the § 1443 test, that Defendants are "denied or cannot enforce specified federal rights in the state courts due to some formal expression of state law." *Gulf Water Benefaction*, 679 F.2d at 86. There is no evidence that Chapter 125 of the Texas Civil Practice and Remedies Code or any other provision of state law will cause the state courts to deprive them of the protection of federal constitutional or statutory rights. *See Johnson*, 421 U.S. at 219; *Hibernia Nat. Bank v. Robinson*, 67 F. App'x 241, 241 (5th Cir. Apr. 21, 2003) (per curiam) (unpublished); *Smith*, 717 F.2d at 194; *Williams v. Mississippi*, 608 F.2d

---

[4] Defendants also assert a counterclaim based on § 1986. If the Court assumes that this claim is meant to be derivative of § 1985(3), it is unclear whether § 1985(3) provides a specific civil right stated in terms of racial equality. Although the Eighth Circuit has held that § 1985(3) does not, *see Doe v. Berry*, 967 F.2d 1255, 1256-58 (8th Cir. 1992), other courts have explained that "there are strong arguments on both sides in terms of jurisprudence" and have not reached the issue. *See Alabama v. Conley*, 245 F.3d 1292, 1296 (11th Cir. 2001); *Davis v. Glanton*, 107 F.3d 1044, 1049-50 (3d Cir. 1997). In the instant case, the Court need not address this issue because Defendants cannot meet the second prong of the § 1443 test.

1021, 1022-23 (5th Cir. 1979). Although Defendants assert that Plaintiff and the Houston Police Department have violated the Defendants' civil rights, they have not alleged or provided any evidence that they have a basis to "firmly predict" that the state courts will violate their civil rights. *See Johnson*, 421 U.S. at 210. Accordingly, Defendants have not met their burden to show that the Court has subject matter jurisdiction based on § 1443(1). This case must be remanded to state court.

## IV.     SANCTIONS AND ATTORNEYS' FEES

### A.     Sanctions

Both parties seek sanctions against counsel for the opposing party under 28 U.S.C. § 1927. Section 1927 is a penal provision. *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 526 (5th Cir. 2002) (citing *FDIC v. Conner*, 20 F.3d 1376, 1384 (5th Cir. 1994)). A court must conclude that an attorney "multiplied the proceedings both 'unreasonably' and 'vexatiously'" to require the attorney to personally pay part or all of the opposing parties' costs, expenses, and attorneys' fees under § 1927. *Id.* at 525 (citing *FDIC v. Calhoun*, 34 F.3d 1291, 1297 (5th Cir.1994)). The threshold for awarding costs under § 1927 is higher than that applicable to Federal Rule of Civil Procedure 11; § 1927 requires a showing of improper motive on the part of an attorney, independent of a showing that the claims pursued were baseless. *See Calhoun,* 34 F.3d at 1300. The party seeking sanctions must present "'evidence of

bad faith, improper motive, or reckless disregard of the duty owed to the court.'" *Procter & Gamble Co.*, 280 F.3d at 525 (quoting *Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998)). The Fifth Circuit considers the invocation of § 1927 sanctions as an exception, rather than the rule. *Conner v. Travis Cnty.*, 209 F.3d 794, 799 (5th Cir. 2000).

Plaintiff seeks sanctions against counsel for Defendants for "wrongfully filing" the Notice of Removal. *See* Motion, at 8-9. Defendants request sanctions against counsel for the Plaintiff because Plaintiff requested "sanctions against counsel for Defendants without just cause." Response, at 5. Neither party explains how counsel for the opposing party has unreasonably and vexatiously multiplied the proceedings. The record does not support a finding that either party's counsel filed numerous frivolous documents in this case or ignored any warnings from the Court to refrain from excessive litigious activities.[5] *See Proctor & Gamble Co.*, 280 F.3d at 525. The parties have not established any "excess costs, expenses, [or] attorneys' fees reasonably incurred because of [counsels' alleged improper conduct]." *See* 28 U.S.C. § 1927. Accordingly, Plaintiff's and Defendants' requests for sanctions are denied.

### B. Attorneys' Fees

Plaintiff seeks attorneys' fees and costs from Defendants under 28 U.S.C.

---

[5] Defendants allege that counsel for Plaintiff has tried to intimidate defense counsel but offer no evidence to support that assertion.

§ 1447(c). Section 1447(c) states, *inter alia*, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "[C]ourts may award attorney's fees when the removing party lacks an objectively reasonable basis for removal." *Howard v. St. Germain*, 599 F.3d 455, 457 (5th Cir. 2010) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). "The decision to award or not to award those fees is within the discretion of the court." *J.K. Haynes Found. & Legal Def. Fund, Div. of Educ., Inc. v. La. Bd. of Elementry & Secondary Educ.*, 234 F.3d 30, 30 (5th Cir. Sept. 19, 2000) (per curiam) (unpublished) (citing 28 U.S.C. § 1447(c)); *see also Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1999) ("§ 1447(c) gives a court discretion to determine what amount of costs and fees, if any, to award the plaintiff."). The Court exercises its discretion and denies Plaintiff's request for attorneys' fees and costs.

## V.     CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's Motion to Remand [Doc. # 4] is **GRANTED.** Plaintiff's case is **REMANDED** to the 80th Judicial District Court of Harris County, Texas.  It is further

**ORDERED** that Plaintiff's request for attorneys' fees, costs, and sanctions

[Doc. # 4] is **DENIED**.  It is further

ORDERED that Defendants' request for sanctions [Doc. # 5] is **DENIED**.  It is further

ORDERED that Defendants' Request for Oral Argument [Doc. # 7] is **DENIED as MOOT.**

SIGNED at Houston, Texas, this 24th day of **April, 2013.**

_____
Nancy F. Atlas
United States District Judge